## SWEENEY CATTLE CO. v. ERB.

An alleged contract to convey land cannot be specifically enforced, where the undisputed evidence shows that defendant neither owned nor contracted to sell the land described, and that the only land in which defendant had any interest had been sold and conveyed by him as executor under an order of the county court, pursuant to negotiations in which the vendees, in the contract sought to be enforced, acted merely as agents.

(Opinion filed, June 13, 1906.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by the Black Hills Real Estate Agency against Herman Erb, in which the Sweeney Cattle Company was substituted as plaintiff. From a judgment for plaintiff, defendant appeals. Reversed.

*Chauncey L. Wood* and *Charles W. Brown,* for appellant.

FULLER, P. J. The Black Hills Real Estate Agency, a copartnership consisting of Eathen Allen and Thomas Sweeney, instituted this action on the 9th day of August, 1903, to enforce spec-

ific performance of a contract to sell and convey to them certain real estate which it is alleged was made and entered into by and between plaintiffs and defendant on the 8th day of February, 1902. One year after the trial was concluded, but prior to the rendition and filing of the court's decision, the copartnership sold and assigned their alleged contract and cause of action to the Sweeney Cattle Company, a corporation, which the trial court thereupon substituted as plaintiff in the action and in its favor decreed specific performance as prayed for in the complaint, and the defendant appeals.

The land which it is alleged defendant, as the sole devisee and legatee of Richard Erb, deceased, owned on the 8th day of February, 1902, and upon that date contracted to sell and convey to plaintiffs' assignors, together with other real and personal property not now in controversy, is described as follows: "The north half (N. ½) of the southwest quarter (S. W. ¼) of section twelve (12), township one (1) south, of range seven (7) east of the Black Hills meridian; also the east half (E. ½) of the southeast quarter (S. E. ¼) of section thirty-six (36), township one (1) north, of range seven (7) east of the Black Hills meridian." Now the undisputed evidence shows that the defendant neither owned nor contracted to sell the above-described land to plaintiff's assignors or at all, and that the only real property with reference to which the parties ever negotiated was 1,640 acres of Pennington county land of which Richard Erb died seised, and which was conveyed pursuant to such negotiations to Jacob Spahr upon petition of the defendant to the county court, as executor of the estate of decedent, and in obedience to an order of such court made and entered on the 13th day of February, 1903. This sale was duly confirmed on the following day and it was established at the trial by uncontroverted evidence that the original plaintiffs Eathen Allen and Thos. Sweeney, the copartnership under which the present plaintiff claims the right to maintain this action, acted with reference to the transaction in no other capacity than as the agents of the defendant.

It follows that specific performance is not enforceable, and the judgment appealed from is reversed.